Hempick Arabian
vs. } No.57789
Sayles Finishing Plant

October 16, 1925.

BLODGETT, J. Heard upon motion for a new trial filed by defendant after verdict of a jury for plaintiff for $2000.

As testified by plaintiff, he was a manufacturer of enamel and 58 years of age. On April 26, 1922, he parked a Ford coupe on Dorrance street, Providence, near Dyer street, went into a building and returned with a package. He then entered his car, looked back, saw nothing coming back of him and started his car; that just ahead was another automobile parked by the curb; that as he turned to pass this car, the truck of defendant bumped into his car.

The driver of defendant's truck testified that he noticed several cars parked by the curb and that plaintiff, without any warning, turned to pass by the car parked in front of his (plaintiff's) car and that his (defendant's) truck collided slightly with the rear of plaintiff's car.

The distance that the car of plaintiff was parked behind the automobile in front was carefully gone into and the testimony of a witness who was cleaning the windows of this car fixes it as about eight feet, so that it became necessary for plaintiff to make a fairly sharp turn to the left to pass this car. Plaintiff claims to have held out his hand and to have sounded his horn just as he started.

The driver of defendant's truck claims to have been going at a speed of 10 or 12 miles per hour and to have turned from Dyer street into Dorrance street about sixty feet from where plaintiff's car was parked.

The question of liability was submitted by the court to the jury. The testimony was conflicting, but if the jury believed the account given by plaintiff, there was evidence of negligence on the part of the truck driver in not seeing what was in plain sight and not having his truck under such control as to avoid the collision.

The question of contributory negligence of plaintiff was also submitted to the jury. His car was apparently struck by the truck at or about the left front wheel, which would tend to show that the truck was fairly close when plaintiff started to turn out. There is no testimony that the speed of the truck was changed after coming around the corner of Dyer street until just before the collision, and it is under such circumstances always a close question whether plaintiff should not have seen the truck and waited until same had passed, but the court can not say from all the testimony, taking into consideration the locality, distances, etc., that plaintiff was clearly guilty of contributory negligence, or that he shot out so quickly as not to have given the driver of the truck a chance to stop the same if under complete control.

On the question of amount of the verdict, the evidence is not entirely satisfactory. Plaintiff suffered a fracture of two ribs and it was subsequently discovered that the tip of the sternum was pushed in. At his age, 58, such injuries would probably require a longer time for recovery than in a younger person. His physician ordered a complete rest for an extended period. His medical expenses were fairly large. He was prevented from attention to his business, being an enameler, for a long period.

He undoubtedly suffered pain. The amount, $2000, awarded him is generous but not so excessive as to shock the court.

Motion denied.

For Plaintiff: Edward H. Ziegler and Charles A. Kelley.

For Defendant: Sherwood, Heltzen & Clifford.